# TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instruction**

**1.4 Jury Questions**

**1.5 Interim Statements**

**TRIAL INSTRUCTIONS**

**2.1 Stipulations**

**2.2 Use of Depositions**

**2.3 Use of Recorded Conversations and Transcripts**

**2.4 Interim Statements**

**2.5 Judicial Notice**

**2.6 Use of Interrogatories**

**2.7 In-Trial Instructions on News Coverage**

**BASIC INSTRUCTIONS**

**3.1 Introduction**

**3.2.3 Duty to Follow Instructions - Government Entity or Agency Involved**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**3.4 Credibility of Witnesses**

**3.5.1 Impeachment of Witnesses because of Inconsistent Statements**

**3.5.2 Impeachment of Witnesses because of Inconsistent Statements or Felony Conviction**

**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**CIVIL RIGHTS CONSTITUTIONAL CLAIMS INSTRUCTIONS**

**5.0 Introductory Annotations**

**5.3 Fourth Amendment Claim – Private Person Alleging Unlawful Arrest, Unlawful Search, or Unlawful Terry Stop**

1

**5.13 Damages**

**AppB Special Interrogatories - For Cases brought by Non-Prisoners (Prison Litigation Reform does not apply)**

## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

2

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

3

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Lee Edward Anderson, claims the Defendants, Brevard County Sheriff Wayne Ivey and Deputy Zachary Ferreira unlawfully stopped and arrested Anderson in violation of federal and state law for possession of cocaine and drug paraphernalia. Defendants Ivey and Ferreira deny those claims and contend that probable cause existed to stop and arrest Anderson.

Burden of proof:

Lee Edward Anderson has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Lee Edward Anderson must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Lee Edward Anderson and the evidence favoring Defendants Ivey and Ferreira on opposite sides of balancing scales, Lee Edward Anderson needs to make the scales tip to his side. If Lee Edward Anderson fails to meet this burden, you must find in favor of Defendants Ivey and Ferreira.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all

4

witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants Ivey and Ferreira have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants Ivey and Ferreira must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants Ivey and Ferreira have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me

and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff Anderson will present his witnesses and ask them questions. After Plaintiff Anderson questions the witness, Defendants Ivey and Ferreira may ask the witness questions – this is called "cross-examining" the witness. Then Defendants Ivey and Ferreria will present their witnesses, and Plaintiff Anderson

may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

1

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

1

## 2.3 Use of Recorded Conversations and Transcripts

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

1

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.1 Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:19-cv-2014-JA-GJK

LEE EDWARD ANDERSON,

       Plaintiff,

vs.

WAYNE IVEY, in his official capacity as
Sheriff of Brevard County, Florida, and
ZACHARY FERREIRA, individually,

       Defendants.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding

this case.

When I have finished you will go to the jury room and begin your discussions,

sometimes called deliberations.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

1

### 3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

### 3.3 Consideration of Direct and Circumstantial Evidence;
###     Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

1

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

[When more than one claim is involved, you should consider each claim separately.]

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim[s] by a preponderance of the evidence, you should find for the Defendants as to that claim.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

1

## 5.0
## Civil Rights – 42 U.S.C. § 1983 Claims – Introductory Annotations

### I.      Applicability of Instructions in this Chapter

The instructions in this Chapter apply to constitutional claims asserted under 42 U.S.C. § 1983 for actions taken under color of state law and claims asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for actions taken under color of federal law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("[F]ederal courts incorporate § 1983 law into *Bivens* actions." (citation omitted)).

### II.      Qualified Immunity

In cases under § 1983 or *Bivens*, the named defendants will often assert on motion for summary judgment prior to trial a qualified immunity defense to be addressed by the court under the standards summarized in *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 733-34 (11th Cir. 2010). The instructions in this chapter presume that the court has previously determined that the defendants do not have a qualified immunity defense. If there is a genuine issue of material fact pertaining to the qualified immunity defense and that issue is not subsumed in the elements of the claim the plaintiff must prove, the model instructions should be revised accordingly. *See Johnson v. Breeden*, 280 F.3d 1308, 1318 (11th Cir. 2002) ("A tool used to apportion the jury and court functions relating to qualified immunity issues in cases that go to trial is special interrogatories to the jury.").

### III.      Multiple Defendants and Government Liability

If the plaintiff claims that more than one defendant is liable for a § 1983 or *Bivens* claim, the model charges may be modified to accommodate multiple defendants. Further, if the plaintiff seeks to hold a government entity or individual supervisor liable, Pattern Instruction 5.10 *et seq.* may be incorporated into the instructions as appropriate. In doing so, the court should make clear that government entities are immune from punitive damages.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**5.3**

**Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim – Private Person Alleging Unlawful Arrest, Unlawful Search, or Unlawful Terry Stop**

In this case, Plaintiff Anderson claims that Defendant Ferreira, while acting under color of law intentionally committed acts that violated Plaintiff Anderson's constitutional rights not to be subjected to an unreasonable investigatory stop and not to be arrested without probable cause.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to an unreasonable investigatory stop and not to be arrested without probable cause.

To succeed on this claim, Plaintiff Anderson must prove each of the following facts by a preponderance of the evidence:

First:    That Defendant Ferreira intentionally committed acts that violated Plaintiff Anderson's constitutional right not to be subjected to an unreasonable investigatory stop and not to be arrested without probable cause.

Second: That Defendant Ferreira's conduct caused Plaintiff Anderson's injuries; and.

Third:    That Defendant Ferreira acted under color of law. The parties have agreed that Defendant Ferreira acted under color of law, so you should accept that as a proven fact.

1

**(First element for unlawful Terry stop claims):**

For the first element, Plaintiff Anderson claims that he was subjected to an unreasonable investigatory stop. Plaintiff Anderson may succeed in showing that the investigatory stop was unreasonable if he proves *either* that Defendant Ferreira did not have a reasonable suspicion that Plaintiff Anderson was involved in, or was about to be involved in, criminal activity; *or* that the stop was not reasonable in scope.

A reasonable suspicion is a particularized and objective basis for suspecting an individual of criminal activity. To determine whether the scope of the stop is reasonable, you should consider the law enforcement purposes served by the stop, the diligence with which the officer[s] pursued investigation, the intrusiveness of the stop, and the length of the stop. In making these determinations, you should consider the totality of the circumstances and focus on all of the information available to Defendant Ferreira at the time that the officer[s] executed the stop.

**(First element for unlawful arrest claims):**

For the first element, Plaintiff Anderson claims that Defendant Ferreira arrested Plaintiff Anderson without probable cause. Defendant Ferreira may arrest a person without a warrant whenever the facts and circumstances within

Defendant Ferreira's knowledge, based on reasonably trustworthy information, would cause a reasonable officer to believe that the person has committed, is committing, or is about to commit an offense. It is a criminal offense for any person to possess cocaine and drug paraphernalia that Plaintiff Anderson was alleged to have commited.]

Plaintiff's Proposed additional instruction:  A police officer may not conduct an investigation in a biased fashion or elect not to obtain easily discernible facts, nor may an officer choose to ignore or "close his eyes" to facts that would clarify the circumstances of the arrest.[1] [Defendants object to this instruction.]

Plaintiff's Proposed additional instruction:  A mere possibility that the person has committed a crime is not enough.  The hunch, guess, conjecture, or surmise of an officer is not enough, and there must be enough actual evidence to reasonably lead to the conclusion that the suspect has committed a crime.  If you find that the defendant arrested the plaintiff without probable cause, you must find the defendant liable for a violation of the plaintiff's constitutional rights.[2] [Defendants object to this instruction.]

---

[1] *Carter v. Butts Co., Ga.*, 821 F.3d 1310, 1321 (11th Cir. 2016)(quoting *Kingsland v. City of Miami*, 382 F.3d 1270, 1229 (11th Cir. 2004)).

[2] *Dunaway v. New York,* 442 U.S.200 (1979).

For the second element, Defendant Ferreira's conduct caused Plaintiff Anderson's injuries if Plaintiff Anderson would not have been injured without Defendant Ferreira's conduct, and the injuries were a reasonably foreseeable consequence of Defendant Ferreira's conduct.

[For the third element, you must decide whether Defendant Ferreira acted under color of law. A government official acts "under color" of law when acting within the limits of lawful authority. He also acts under color of law when he claims to be performing an official duty but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

If you find Plaintiff Anderson has proved each fact that he must prove, you must decide the issue of his damages. If you find that Plaintiff Anderson has not proved each of these facts, then you must find for Defendant Ferreira.

**NOTE:** Model Jury Interrogatory Forms may be found in the appendices after the last civil rights jury instruction (Number 5.13) for use in actions brought under 42 U.S.C. § 1983. Three types of Model Jury Interrogatory Forms are provided: (A) a simplified Interrogatory Form for use in most civil right actions; (B) an Interrogatory Form for use in actions that do not require application of the Prison Litigation Reform Act, and (C) an Interrogatory Form for use in actions

that do require application of the Prison Litigation Reform Act.

**ANNOTATIONS AND COMMENTS**

### I.      Elements of Unlawful Arrest Claim

A warrantless arrest without probable cause violates the Constitution and provides a basis for a § 1983 claim. *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004). However, the existence of probable cause at the time of arrest constitutes an absolute bar to a § 1983 action for unlawful arrest. *Id*. "Probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances." *Id*. (citing *Rankin v. Evans,* 133 F.3d 1425, 1435 (11th Cir. 1998)). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id*. (internal quotations omitted).

### II.     Elements of Unlawful Search Claim

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." In regard to unreasonable searches, the Fourth Amendment protects certain areas over which individuals manifest "a subjective expectation of privacy" and where "society is willing to recognize that expectation as reasonable." *Kyllo v. United States*, 533 U.S. 27, 27-28 (2001). The home is one such area where it is readily accepted that an expectation of privacy exists. *Id*. at 34; *see also Kentucky v. King*, 563 U.S. 452, 474 (2011). Accordingly, the United States Supreme Court has held that "searches and seizures inside a home without a warrant are presumptively unreasonable." *King*, 563 U.S. at 459 (citation omitted). However, there are two principal exceptions to the search warrant requirement which are detailed in this instruction—searches conducted by consent or under exigent circumstances. *See Katz v. United States*, 389 U.S. 347, 357 (1967).

"The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." *Georgia v. Randolph*, 547 U.S. 103, 106 (2006). Additionally, a "well-recognized exception applies when the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *King*,

563 U.S. at 460 (internal quotations omitted). The Supreme Court has identified several exigencies that may justify a warrantless search of a home. This instruction includes a description of the "emergency aid" exception, under which "officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *See Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). Other recognized exigent circumstances include where officers are "in hot pursuit of a fleeing suspect," *King*, 563 at 460 (citing *United States v. Santana*, 427 U.S. 38, 42-43 (1976)), and where there is a need to "prevent the imminent destruction of evidence." *Id*.

Additional exceptions not detailed in this instruction include the plain view exception, *see Kyllo*, 533 U.S. 27, 38-40, and the exception for search incident to a lawful arrest. *See Maryland v. Buie*, 494 U.S. 325, 334 (2009). This instruction may be altered if an exception other than consent or an exigent circumstance is at issue in a particular case.

### III.    Elements of Unlawful Terry Stop Claim

"[L]aw enforcement officers may seize a suspect for a brief, investigatory *Terry* stop where (1) the officers have a reasonable suspicion that the suspect was involved in, or is about to be involved in, criminal activity, and (2) the stop '[is] reasonably related in scope to the circumstances which justified the interference in the first place.'" *United States v. Jordan*, 635 F.3d 1181, 1186 (11th Cir. 2011) (quoting *Terry v. Ohio*, 392 U.S. 1, 19-20, 30 (1968)). Determining the unreasonableness of a seizure within the meaning of the Fourth Amendment requires balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion. When the nature and extent of the detention are minimally intrusive of the individual's Fourth Amendment interests, the opposing law enforcement interests can support a seizure based on less than probable cause." *Courson v. McMillian*, 939 F.2d 1479, 1490 (11th Cir. 1991) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). The reasonableness of an investigatory stop is examined under the totality of the circumstances. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012) (citing *Samson v. California*, 547 U.S. 843, 848 (2006); *Jordan*, 635 F.3d at 1186).

"A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Courson*, 939 F.2d at 1490 (quoting *Adams v. Williams*, 407 U.S. 143, 145-46 (1972)). "While 'reasonable' suspicion is a less demanding standard than probable cause and requires a

showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Alternatively stated, "[r]easonable suspicion need not involve the observation of illegal conduct, but does require 'more than just a hunch.'" *Lewis*, 674 F.3d at 1303 (citation omitted). "The detaining officer 'must have a particularized and objective basis for suspecting the person of criminal activity.'" *United States v. Cruz*, 909 F.2d 422, 424 (11th Cir. 1989) (quoting *United States v. Aldridge*, 719 F.2d 368, 371 (11th Cir. 1983)).

Even if an officer has reasonable suspicion to make a valid *Terry* stop, the encounter may mature into a detention that amounts to an arrest for which probable cause is required. *United States v. Acosta*, 363 F.3d 1141, 1145-46 (11th Cir. 2004). The Eleventh Circuit has set forth four non-exclusive factors which may be considered in "drawing the line between a *Terry* stop and an arrest in an individual case." *Id.* at 1146. These factors include: "the law enforcement purposes served by the detention, the diligence with which the police pursue the investigation, the scope and intrusiveness of the detention, and the duration of the detention." *Id.* (citation omitted).

## IV.    Causation

"A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Troupe v. Sarasota Cnty., Fla.*, 419 F.3d 1160, 1165 (11th Cir. 2005) (citing *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)). The requisite causation includes proof of legal and proximate causation. *Jackson v. Sauls*, 206 F.3d 1156, 1168 n.16 (11th Cir. 2000). Thus, "a plaintiff must show that, except for that constitutional tort, such injuries and damages  would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue." *Id*. at 1168. The model instruction makes clear that the plaintiff must prove both legal and proximate causation in accordance with Eleventh Circuit case law.

## V.    Damages

For the damages instruction, see Pattern Instruction 5.13

**5.13**

**Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff Anderson's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Defendant Ferreira. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Plaintiff Anderson does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Plaintiff Anderson has proved them by a preponderance of the evidence, and no others: [List recoverable damages, *e.g.*:

(a)    Wages, salary, profits, and the reasonable value of working time that Plaintiff Anderson lost because of his inability or diminished ability to work, and the present value of such compensation that

Plaintiff Anderson is reasonably certain to lose in the future because of

his inability or diminished ability to work;

(b)    Plaintiff Anderson's mental and emotional distress,

impairment of reputation, and personal humiliation, including such

mental or emotional harm that Plaintiff Anderson is reasonably certain

to experience in the future; and

(c)    Attorney's fees paid to date on the criminal charges against

Mr. Anderson along with costs of bond, impound fees, etc. [Defendants

object to this proposed instruction.]

[**Nominal Damages:** You may award $1.00 in nominal damages and no

compensatory damages if you find that: (a) Plaintiff Anderson has submitted no

credible evidence of injury; or (b) Plaintiff Anderson's injuries have no monetary

value or are not quantifiable with any reasonable certainty; or (c) Defendant

Ferreira used both justifiable and unjustifiable force against Plaintiff Anderson

and it is entirely unclear whether Plaintiff Anderson's injuries resulted from the

use of justifiable or unjustifiable force.]

[**Mitigation of Damages:** Anyone who claims loss or damages as a result of

an alleged wrongful act by another has a duty under the law to "mitigate"

those damages—to take advantage of any reasonable opportunity that may

have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that Defendant Ferreira has proved by a preponderance of the evidence that Plaintiff Anderson did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of Plaintiff Anderson's damages by the amount that he could have reasonably received if he had taken advantage of such an opportunity.]

[**Punitive Damages:**

If you find for Plaintiff Anderson and find that Defendant Ferreira acted with malice or reckless indifference to Plaintiff Anderson's federally protected rights, the law allows you, in your discretion, to award Plaintiff Anderson punitive damages as a punishment for Defendant Ferreira and as a deterrent to others.

Plaintiff Anderson must prove by a preponderance of the evidence that he is entitled to punitive damages.

Defendant Ferreira acts with malice if his conduct is motivated by evil intent or motive. Defendant Ferreira acts with reckless indifference to the protected federal rights of Plaintiff Anderson when Defendant Ferreira engages in conduct with a callous disregard for whether the conduct violates Plaintiff Anderson's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Defendant Ferreira's financial resources in fixing the amount of punitive damages to be awarded. [You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.]]

### ANNOTATIONS AND COMMENTS

### I.     The Prison Litigation Reform Act of 1995 (PLRA)

Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). In the Eleventh Circuit, a prisoner or pretrial detainee who suffers a constitutional violation without more than a *de minimis* physical injury may recover nominal damages, but not compensatory or punitive damages. *See, e.g.*, *Brooks v. Warden*, 800 F.3d 1295, 1307-09 (11th Cir. 2015); *Al-Amin v. Smith*, 637 F.3d 1192, 1195-99 (11th Cir. 2011) (affirming district court's exclusion at trial of evidence concerning compensatory and punitive damages where there was no evidence plaintiff suffered a physical injury); *cf. Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003) (noting the circuit split regarding the application of the PLRA's bar on damages). The "availability of declaratory or injunctive relief" as determined by the court is not affected by the PLRA. *Boxer X v. Harris*, 437 F.3d 1107, 1111 n.3 (11th Cir. 2006).

Although physical injury must be more than *de minimis* to recover compensatory and punitive damages under the PLRA, the physical injury need not be significant. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part*, 216 F.3d 970 (11th Cir. 2000) . The Eleventh Circuit has not precisely defined what constitutes *de minimis* physical injury. Case law indicates that a *de minimis* physical injury includes minor cuts and bruises. *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury); *Harris*, 190 F.3d at 1286 (holding that a forced "dry shave" was a *de minimis* injury); *Siglar v.*

*Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (finding that a sore, bruised ear persisting for three days was *de minimis*). The instruction uses more than minimal injury, rather than more than *de minimis* injury because it is easier for jurors to understand and conveys the same idea.

The damages limitations under the PLRA apply with equal force to claims by convicted prisoners and pretrial detainees. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322-25 (11th Cir. 2007) (applying PLRA to § 1983 claim by a pretrial detainee). However, the PLRA does not apply to lawsuits brought by individuals who are no longer in custody. *Napier v. Preslicka*, 314 F.3d 528, 531-34 (11th Cir. 2002).

## II.    Compensatory Damages

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *accord Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990). Damages may include monetary losses, such as lost wages, damaged property, and future medical expenses. *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000)). Damages also may be awarded based on "physical pain and suffering" and "demonstrated . . . impairment of reputation[] and "personal humiliation." *Slicker*, 215 F.3d at 1231. The general rule requiring plaintiffs to mitigate damages applies in actions under 42 U.S.C. § 1983. *See, e.g.*, *Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1309-10 (11th Cir. 1988). Accordingly, the instruction provides an optional bracketed charge regarding mitigation of damages.

"[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker*, 215 F.3d at 1229 (emphasis omitted). Consequently, when a plaintiff does not provide any "proof of a specific, actual injury caused by" the defendant's conduct, the plaintiff is not entitled to compensatory damages. *Kelly v. Curtis*, 21 F.3d 1544, 1557 (11th Cir. 1994).

## III.    Nominal Damages

The instruction reflects the three situations identified in *Slicker*, a non-PLRA case, where an award of nominal damages is appropriate. *Slicker*, 215 F.3d at 1232.

In cases that are not subject to the PLRA, an award of nominal damages may be sufficient to justify an award of punitive damages in a § 1983 action. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177-78 & n.3 (11th Cir. 2009) (noting that if plaintiff

organization is successful on its claim of a First Amendment violation permitting nominal damages, then "punitive damages may be available" as well); *Davis v. Locke*, 936 F.2d 1208, 1214 (11th Cir. 1991) (affirming award of punitive damages even though jury awarded plaintiff nominal damages but not compensatory damages).

## IV.   Punitive Damages

In order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages in § 1983 claims are not recoverable against government entities. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008). In a case brought against both individuals and government entities, the instructions should expressly state that punitive damages may be assessed only against the individual defendants for their respective conduct.

**406.5  MALICE**

One acts maliciously in instituting a criminal proceeding against another if he or she does so for the primary purpose of injuring the other, or recklessly and without regard for whether the proceeding is justified, or for any primary purpose except to bring an offender to justice.   In determining whether Defendant, Zachary Ferreira acted maliciously, you may consider all the circumstances at the time of the conduct complained of, including any lack of probable cause to institute the proceeding.

## 406.6  INSTITUTING OR CONTINUING A PROCEEDING

One is regarded as having instituted a criminal proceeding against another if the proceeding resulted directly and in natural and continuous sequence from his or her actions, so that it reasonably can be said that, but for his or her actions, the proceeding would not have been instituted.

### NOTE ON USE FOR 406.6

See *Kilburn v. Davenport*, 286 So.2d 241 (Fla. 3d DCA 1973); *Zippy Mart, Inc. v. Mercer*, 244 So.2d 522 (Fla. 1st DCA 1970).

## 406.7  LEGAL CAUSE

*a.    Legal cause generally:*

The malicious institution of a proceeding is a cause of loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that, but for the malicious institution of a proceeding, the loss or damage would not have occurred.

**406.8  ISSUES ON CLAIM**

The issues you must decide on Plaintiff's claim against Defendant, Zachary Ferreira, are whether Defendant, Zachary Ferreira, maliciously and without probable cause instituted a criminal proceeding against Plaintiff which later terminated in favor of Plaintiff and, if so, whether that action was a legal cause of loss or damage to Plaintiff.

## 406.9  BURDEN OF PROOF ON CLAIM

If the greater weight of the evidence does not support Plaintiff's claim, your verdict should be for Defendant, Zachary Ferreira.

However, if the greater weight of the evidence supports Plaintiff's claim, then your verdict should be for Plaintiff and against Defendant, Zachary Ferreira then you shall consider the defense raised by Defendant, Zachary Ferreira.

### 406.11  BURDEN OF PROOF ON DEFENSE ISSUES

If the greater weight of the evidence supports the defense, your verdict should be for Defendant, Zachary Ferreira. However, if the greater weight of the evidence does not support the defense and does support Plaintiff's claim, your verdict should be for Plaintiff and against Defendant, Zachary Ferreira.

## 406.12  MALICIOUS PROSECUTION DAMAGES

If you find for Defendant, Zachary Ferreira, you will not consider the matter of damages. But, if you find for Plaintiff, you should award Plaintiff an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Plaintiff for such loss or damage as the greater weight of the evidence shows was caused by the institution of the proceeding complained of.

If you find for Plaintiff you shall consider the following elements of damage:

The reasonable expenses, including lawyers' fees, necessarily incurred by Plaintiff in the proceeding complained of.

The cost of bond and impound expenses;

Lost wages/earnings;

Mental and/or emotional anguish;

Embarrassment and humiliation;

## 407.2  SUMMARY OF CLAIMS

In addition to the Federal Civil Rights and State Law Malicious Prosecution Claims, Plaintiff claims that Defendant, Zachary Ferreira, intentionally restrained him under circumstances that were unreasonable and unwarranted and without legal authority, which caused him harm.

Defendant, Zachary Ferreira, denies that claim and affirmatively alleges that he had probable cause to restrain the Plaintiff.

The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this claim.

## 407.4  INTENTIONAL RESTRAINT

"Intentional restraint" means that Defendant, Zachary Ferreira, restrained Plaintiff with the purpose of causing the restraint.

To be restrained means that Plaintiff was held against his will and did not consent to the restraint. In other words, a person is restrained when he is not free to leave the place to which he had been confined.

A restraint is without "lawful authority" if Defendant, Zachary Ferreira, did not act under color of or claim of lawful authority.

## 407.5  LEGAL CAUSE

*a.    Legal cause generally:*

An unlawful and intentional restraint is a cause of loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss injury or damage, so that it can reasonably be said that, but for the unlawful and intentional restraint, the loss or damage would not have occurred.

**407.6  ISSUES ON CLAIM**


The issues for you to decide on Plaintiff's claim against Defendant, Zachary Ferreira are whether Defendant, Zachary Ferreira, without legal authority, intentionally caused Plaintiff to be restrained against his will in a manner that was unreasonable and unwarranted under the circumstances, and, if so, whether that restraint was a legal cause of loss or damage to Plaintiff.

## 407.7  BURDEN OF PROOF ON CLAIM

If the greater weight of the evidence does not support Plaintiff's claim, your verdict should be for Defendant, Zachary Ferreira.

However, if the greater weight of the evidence supports Plaintiff's claim, then your verdict should be for Plaintiff and against Defendant, Zachary Ferreira [then you shall consider the defense[s] raised by Defendant, Zachary Ferreira].

**407.10  FALSE IMPRISONMENT DAMAGES**

If you find for Defendant, Zachary Ferreira, you will not consider the matter of damages. But, if you find for Plaintiff, you should award Plaintiff an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Plaintiff for the loss or damage as the greater weight of the evidence shows was caused by the conduct complained of.

If you find for Plaintiff, you shall consider the following elements of damages:

The cost of bond and impound expenses;

Lost wages/earnings;

Mental and/or emotional anguish;

Embarrassment and humiliation;

If you find for Plaintiff but find that no loss or damage has been proved, you should award Plaintiff nominal damages. Nominal damages are damages of an inconsequential amount which are awarded when a wrong has been done but no actual damage is proved.

*See instructions 503.1 and 503.2 for punitive damages.*