# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LEE EDWARD ANDERSON,

    Plaintiff,

v.                                  Case No. 6:19-cv-2014-JA-GJK

ZACHARY FERREIRA,

    Defendant.

---

## ORDER

Following a jury trial, verdict, and entry of judgment, both parties filed several motions. Before the Court are:

(1) Plaintiff's Supplemental/Corrected Motion to Vacate and Alter or Amend Judgment as to Claim No. 2 of the Verdict (Doc. 108),[1] Defendant's Memorandum of Law in Opposition (Doc. 109), and Plaintiff's Notice of Supplemental Authority (Doc. 110);

(2) Plaintiff's Motion for Taxation of Costs (Doc. 111);

(3) Defendant's Combined Motion to Tax Costs and Response in Opposition to Plaintiff's Motion to Tax Costs (Doc. 112) and Plaintiff's Response (Doc. 113); and

---

[1] This motion supersedes and renders moot Plaintiff's Motion for Entry of Judgment Notwithstanding the Verdict as to Claim No. 2 on Verdict Form (Doc. 105), which will be denied as such.

(4) Defendant's Conditional Renewed Motion for Judgment as a Matter of Law (Doc. 114).[2]

As set forth below, Plaintiff's Motion for Taxation of Costs (Doc. 111) is granted insofar as it seeks a ruling that Plaintiff is entitled to costs, and all other motions are denied either on their merits or as moot.

## I. Background

This case arises from the traffic stop, arrest, and detention of Plaintiff by Defendant, a deputy sheriff. The case proceeded to trial on Plaintiff's claims (1) pursuant to 42 U.S.C. § 1983 for alleged unlawful stop, detention, and interrogation in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution (Count I of the Amended Complaint); (2) pursuant to 42 U.S.C. § 1983 for false arrest/false imprisonment in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution (Count II of the Amended Complaint); and (3) for false arrest/false imprisonment under Florida law (Count IV of the Amended Complaint).[3] The Amended Complaint included a request for punitive damages on the federal claims but not on the state law claims. (See Doc. 20 at 5–6, 8–9; see also Summ. J. Order, Doc. 74, at 14 n.9 (noting that Plaintiff did not request punitive damages in his state law claims)).

---

[2] Plaintiff did not file a response to this motion.
[3] Plaintiff's Amended Complaint (Doc. 20) asserted a total of five claims. During trial, Plaintiff dropped Counts III (false arrest/false imprisonment under state law against the Sheriff) and V (malicious prosecution under Florida law against Deputy Ferreira), and those claims are not at issue in this Order.

The jury returned a verdict for Defendant on the two federal claims but found in favor of Plaintiff on the state law claim and awarded Plaintiff $60,000.00 in compensatory damages. (Verdict, Doc. 101).[4] The jury also answered "yes" when asked on the verdict form whether "punitive damages should be assessed against Defendant." (Id. at 3). Because the parties had agreed before trial that the issues of entitlement to and amount of punitive damages would be bifurcated,[5] the jury was not asked on the verdict form to quantify punitive damages.

After the jury returned its verdict but before it was discharged, the Court—outside the jury's presence—discussed the verdict with counsel, who were preparing to proceed with the presentation of evidence to the jury regarding the amount of punitive damages. But the Court then reminded counsel that—as had previously been discussed and agreed—Plaintiff had not requested punitive damages on the state law claim.[6] Because the only claim on

---

[4] As agreed by the parties, the verdict form asked the jury to quantify compensatory damages only once rather than on a claim-by-claim basis.

[5] (See Mins. of Final Pretrial Conference, Doc. 84, at 2 ("Defendant requests that punitive damages be bifurcated so that the deputies do not have to testify to income during the case in chief. Plaintiff does not object.")).

[6] Plaintiff states in his motion that after the jury rendered its verdict "defense counsel pointed out that we did not need to address the amount because punitive damages were only available with respect to the Federal claims." (Doc. 108 at 4). But it was the Court, not defense counsel, who pointed this out at that time.

Additionally, Plaintiff characterizes what occurred as "the sudden realization" that Plaintiff did not request punitive damages in his state law claims. (See Doc. 108 at 2). But this point had been noted more than once earlier in the case—at minimum, in the Court's summary judgment Order (Doc. 74) and at the end of the second day of

3

which the jury found in Plaintiff's favor was the state law claim, Plaintiff conceded that punitive damages were not available to him, and the jury was discharged without being asked to quantify punitive damages or to clarify its verdict in any way. (See, e.g., Mins. of Jury Trial Day Three, Doc. 100, at 3 ("Court addresses punitive damages with counsel for both parties and all agree that because Plaintiff did not plead punitive damages for the state law claims, punitive damages cannot be awarded.")). Judgment was then entered on the verdict, awarding Plaintiff $60,000.00. (Judgment, Doc. 104).

Plaintiff now moves to alter or amend the judgment on the second claim (false arrest/imprisonment under federal law). (Doc. 108). Additionally, both parties move for an award of costs in their favor. (Docs. 111 & 112). Finally, Defendant "conditionally" renews his previously denied motion for judgment as a matter of law on the issue of qualified immunity on the § 1983 claims.

## II. Discussion

### A. Plaintiff's Supplemental/Corrected Motion to Vacate and Alter or Amend Judgment as to Claim No. 2 of the Verdict (Doc. 108)

As noted earlier, the jury found for Defendant on Plaintiff's two federal claims (for unlawful stop and false arrest, respectively) and then found in favor

---

trial, when the matter was discussed during preparation of the final jury instructions and counsel for both parties agreed that Plaintiff was only seeking punitive damages on the federal claims.

4

of Plaintiff on the state law false arrest claim. Specifically, on Plaintiff's second claim—false arrest under federal law—the jury's verdict was as follows:

<u>Claim Two—Fourth Amendment—Arrest</u>

2. Do you find from a preponderance of the evidence that Defendant Zachary Ferreira violated Plaintiff Lee Edward Anderson's right not to be arrested without probable cause?

   Answer Yes or No   **NO**

(Doc. 101 at 1). And on Plaintiff's state law false arrest claim, the verdict was:

<u>Claim Three—False Arrest Under Florida Law</u>

3. Do you find from a preponderance of the evidence that Defendant Zachary Ferreira falsely arrested Plaintiff Lee Edward Anderson in violation of Florida law?

   Answer Yes or No   **YES**

(Id. at 2). The jury assessed $60,000 in compensatory damages and then was asked about punitive damages:

7. Do you find from a preponderance of the evidence that punitive damages should be assessed against Defendant, Zachary Ferreira?

   Answer Yes or No (do not enter an amount)   **YES**

(Id. at 3).

Plaintiff argues that the jury's verdict in favor of Defendant on Claim Two is inconsistent with the verdict in favor of Plaintiff on Claim Three and with the jury's finding that punitive damages should be assessed. Plaintiff asks the

5

Court to modify the judgment to reflect that Plaintiff—not Defendant—prevailed on Claim Two. But the verdicts are not inconsistent, and Plaintiff's motion must be denied.

First, a note about the relief that Plaintiff is requesting—and not requesting. Plaintiff explains that he "seeks neither to have the damages award modified in any way, nor seat another jury to determine the amount of punitive damages, being satisfied with the compensatory damages awarded alone." (Doc. 108 at 2–3). Plaintiff does not seek a new trial either—"only entry of a judgment that comports with the jury's findings." (Id. at 3). What Plaintiff is seeking is a judgment in his favor on Claim Two so that he can then recover attorney's fees, which are available on a § 1983 claim but not on the state law false arrest claim on which he prevailed. (See id. ("Since the answers to the other questions support the § 1983 claim, which provides for payment of attorney fees, when the State law claims do not, the judgment would be incomplete in it's [sic] effect without reflecting that determination.")).

Turning to the merits of Plaintiff's motion, the jury's verdicts on Claims Two and Three are not inconsistent with one another. The elements and burdens of proof on the federal and state law false arrest claims differ. "[P]laintiff[] had the burden of demonstrating the absence of probable cause in order to succeed [o]n [his] § 1983 claim." Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998). By its verdict on Question 2 of the verdict form, the jury found

6

that Plaintiff did not prove all of the elements of that claim. On the other hand, "[t]he existence of probable cause constitutes an affirmative defense to the claim[] of false arrest . . . under Florida law," and "[a]ccordingly, [D]efendant[] had the burden of demonstrating the existence of probable cause as a defense to the state claim." Id. By its verdict on Question 3 of the verdict form, the jury found that Defendant did not establish that there was probable cause for the arrest. The findings implicit in the verdict answers—that Plaintiff did not establish the absence of probable cause on Claim Two and that Defendant did not establish probable cause on Claim Three—are not inconsistent.

Plaintiff argues that the jury's "yes" answer to the question whether punitive damages should be assessed against Defendant is inconsistent with its verdict in favor of Defendant on the federal false arrest claim (Claim Two). (See Verdict, Doc. 101, at 3). Plaintiff suggests that this "yes" answer makes "very clear that the jury believed they had in fact found for the Plaintiff on Claim 2 regarding the arrest without probable cause, the same finding they made by considering the claims and defenses raised in Claim number 3." (Doc. 108 at 2). Plaintiff thus asserts that the jury "made an error in filling out the Verdict." (Id.).

Plaintiff's arguments are unavailing. As an initial matter, as Plaintiff acknowledges, he consented to the verdict form that was used and did not object or argue that there was any inconsistency before the jury was discharged. And

in any event, the jury did not make the "same finding" on Claim Two and Claim Three. As noted above, a finding in Defendant's failure on Claim Two is not inconsistent with a finding in Plaintiff's failure in Plaintiff Three because of the two claims' different elements and burdens of proof. And the jury was polled, with each juror confirming the answers on the verdict form.

Plaintiff emphasizes that punitive damages were available only on the federal claims because Plaintiff did not seek punitive damages on his state law claim; he thus argues that because the jury found that punitive damages were warranted, the jury intended to find in favor of Plaintiff on Claim Two. But Plaintiff's reliance on the jury's "yes" response to the punitive damages question does not render the jury's verdict inconsistent or suspect.

The jury was indeed instructed that it could award punitive damages if it found in favor of Plaintiff on one or both of his *federal* claims. (See Jury Instructions, Doc. 96, at 19). The verdict form, however, did not differentiate between the federal and state claims in asking the jury whether punitive damages "should be assessed against Defendant." (Verdict, Doc. 101, at 3). The jury may well have believed that Defendant's conduct on the state law claim warranted punitive damages,[7] but as all parties—including Plaintiff—agree,

---

[7] The jury's answer regarding punitive damages is in lockstep with its finding in favor of Plaintiff on the state law claim, as the standards for punitive damages and for personal liability of Deputy Ferreira under Florida law parallel one another. (Compare Punitive Damages Jury Instruction, Doc. 96 at 19 (explaining that the jury

8

punitive damages were not available on that claim because Plaintiff did not request them. The verdicts on Claims Two and Three remain consistent due to the varying elements and burdens of proof, and Plaintiff's assertion that the jury meant to write "Yes" instead of "No" on Claim Two is speculative and baseless.

In sum, although Plaintiff urges the Court to use its "trained and experienced judgment" to avoid an allegedly inconsistent and "unjust verdict," (Doc. 108 at 3 (quoting Brown v. Est. of Stuckey, 749 So. 2d 490, 495 (Fla. 1999) (case involving motion for new trial)), there is no inconsistency or injustice here. Plaintiff seeks to overturn the will of the jury, not to implement it. None of the rules or cases cited by Plaintiff support an award of the extraordinary relief that he seeks here. The motion to alter or amend the judgment is without merit and must be denied.

**B.    The Motions to Tax Costs (Docs. 111 & 112)**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Here, both parties

---

could award punitive damages if it found that Defendant "acted with malice or reckless indifference," that malice meant that Defendant's "conduct was motivated by evil intent or motive," and that "reckless indifference" meant that Defendant "engaged in conduct with a callous disregard for whether the conduct violated [Plaintiff's] protected federal rights") with Claim Three Jury Instruction, Doc. 96 at 16 (explaining that Defendant could be found liable on the state law claim if he acted "with ill will, hatred, spite, an evil intent, . . . the subjective intent to do wrong," or "with a conscious and intentional indifference to consequences and with the knowledge that injury or damage is likely")).

seek an award of costs as the "prevailing party" in this case. Defendant alternatively argues that neither party should be awarded costs. The Court will award costs to Plaintiff.

"A party need not prevail on all issues to justify a full award of costs . . . ." United States v. Mitchell, 580 F.2d 789, 793 (5th Cir. 1978),[8] superseded by statute on other grounds as noted in United States v. City of Jackson, 359 F.3d 727 (5th Cir. 2004). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." Id. (alteration in original) (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2667).

Here, although the jury did not find for Plaintiff on all of his claims—which were substantially overlapping in many respects—Plaintiff achieved success in this case, and judgment has been entered in his favor. Especially considering that the parties agreed to have the jury quantify compensatory damages only once to avoid duplicative recovery of damages for the same harm, the fact that the jury did not find for Plaintiff on his two federal claims does not preclude him from being the "prevailing party" for Rule 54(d) purposes.

Accordingly, Plaintiff is entitled to recover his costs. However, because

---

[8] Cases decided by the Fifth Circuit prior to October 1, 1981, are binding on this Court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Plaintiff has not yet itemized his costs, he must first submit a bill of costs before costs can be taxed.[9]

### C. Defendant's Conditional Renewed Motion for Judgment as a Matter of Law (Doc. 114)

Finally, Defendant "conditionally" moves for judgment as a matter of law on his qualified immunity defense on the § 1983 claims against him. His motion is conditioned on the Court granting relief to Plaintiff on Plaintiff's motion (Doc. 108) to alter or amend judgment on the federal false arrest claim. Because the Court has found no merit to Plaintiff's motion (Doc. 108), Defendant's conditional motion (Doc. 114) will be denied as moot.

## III. Conclusion

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Supplemental/Corrected Motion to Vacate and Alter or Amend Judgment as to Claim No. 2 of the Verdict (Doc. 108) is **DENIED**. Plaintiff's Motion for Entry of Judgment Notwithstanding the Verdict as to Claim No. 2 on Verdict Form (Doc. 105) was rendered moot by the filing of the Supplemental/Corrected Motion (Doc. 108), and it (Doc. 105) is accordingly

---

[9] Defendant faults Plaintiff for not having already itemized his costs. (See Doc. 112 at 2). Plaintiff maintains that he followed the bifurcated procedure required by new Local Rule 7.01(a)—which has been in effect for only six months—by seeking a ruling on entitlement to costs before itemizing his costs. The Court finds it unnecessary to opine on the question whether new Rule 7.01(a) applies to costs sought pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. The Court will allow Plaintiff to recover his costs even though he did not itemize them in his motion.

**DENIED as moot**.

2. Plaintiff's Motion for Taxation of Costs (Doc. 111) is **GRANTED** insofar as it seeks a ruling on entitlement to costs. **On or before August 27, 2021**, Plaintiff shall file a Bill of Costs using the form available on the Court's website.

3. Defendant's Motion to Tax Costs (Doc. 112) is **DENIED**. Defendant shall bear his own costs.

4. Defendant's Conditional Renewed Motion for Judgment as a Matter of Law (Doc. 114) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida, on August 13, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record